IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADAM DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:05-CV-85 |
| | ) |
| GARY A. COOK, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the: (1) Motion to Rescind Judgment, filed by Pro se Plaintiff, Adam Diaz, on April 4, 2005, and (2) Affidavit of Special Circumstances Under I.C. 33-37-3-3, filed by Plaintiff, Adam Diaz, on March 28, 2005. For the reasons set forth below, the Motion to Rescind Judgment is **DENIED**. To the extent Plaintiff requests any type of relief in the Affidavit of Special Circumstances, it is **DENIED AS MOOT**.

BACKGROUND

On March 22, 2005, this Court dismissed with prejudice Plaintiff's pro se prisoner complaint for failure to state a claim pursuant to 28 U.S.C. section 1915A. This Court found that criminal defense attorneys cannot be sued under section 1983 because a public defender does not act under the color of state law. *See Polk County*

*v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff now requests that the Court rescind this judgment.

Diaz's complaint under 42 U.S.C. section 1983 alleges that the public defender violated Diaz's constitutional rights when he allegedly "conspired with state officials and Indiana Department of Correction officials," ignored Plaintiff's request for a Spanish translator, filed fictitious continuances, refused to request DNA and other evidence, refused to subpoena certain witnesses, refused to review Plaintiff's mental records, saw Plaintiff for only 10 minutes, filled out portions of the plea bargain himself, and failed to get a pre-sentence report. (Prisoner Complaint 42 U.S.C. § 1983, pp. 3-4.) Plaintiff requests the following damages for said alleged violations: $700 for legal work such as research and writing; $3,000 for mental anguish and psychiatric care; $5,000 for damages due to Constitutional violations; $10,000 for attorney fees; $10,000 in punitive damages; and an injunctive order banning the public defender "from violating all the Constitutional rights to a defendant in a criminal trial." (Prisoner Complaint 42 U.S.C. § 1983, p. 5.)

DISCUSSION

With the benefit of the "mailbox rule" for prisoners filing pro se, Plaintiff's Motion to Rescind Judgment is deemed filed on March 29, 2005, the date on which he delivered the motion to prison officials for mailing. *See Edwards v. United States*, 266 F.3d 756,

758 (7th Cir. 2001). "We characterize substantive motions to alter or amend, such as this one, as motions under Rule 59(e) if they are served within ten days of the entry of judgment." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir. 1999)(citation omitted). While Rule 59(e):

> [P]ermits parties to bring to the court's attention errors so they can be corrected without the costs associated with appellate procedure, "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.

*Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

In the instant Motion to Rescind Judgment, Plaintiff argues that the Supreme Court of the United States stated in *Tower v. Glover*, 467 U.S. 914 (1984), that public defenders are not immune from suit under section 1983. *Glover* did indeed hold that "state public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights." *Id.* at 923.

However, public defenders do not act under color of law merely by representing their clients. *See Polk County*, 454 U.S. at 325. "Rather, a lawyer's actions may create liability only if counsel acted in concert with state officials to deprive a client of his rights." *Williamson v. Brooks*, 215 F.3d 1331, 2000 WL 431542, No. 99-3271, at

-3-

*1 (7th Cir. April 14, 2000) (citing *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)).

Here, although Plaintiff alleged that his public defender conspired with state officials and the Indiana Department of Correctional Officials, "mere conclusory allegations of a conspiracy, such as those found in this case, are insufficient to survive a motion to dismiss." *Williamson,* 2000 WL 431542, at *1 (affirming dismissal of section 1983 claim against attorney because plaintiff failed to sufficiently allege defendants acted in concert with state officials); *see also Smith v. LaFollette*, 23 F.3d 410, 1994 WL 142877, No. 93-2639, at *7 (7th Cir. April 20, 1994)(affirming dismissal of complaint where "Plaintiff has failed to allege facts showing that defendant state public defender engaged in intentional misconduct by conspiring with state officials to deny plaintiff his rights."); *Smith v. Coyne*, 984 F. Supp. 1186, 1189 (N.D. Ill. 1998) (finding contention that state-appointed counsel was involved in an asserted conspiracy with state officials, fairly read, "amounts to no more than a claim of lawyer malpractice on the part of [appointed defense counsel], [and] does not strip [defense counsel] of his *Polk County*-dictated immunity under [*Tower*]."). Similarly, in this case, Plaintiff's usupported allegation that his attorney conspired with state officials does not render the public defender a state actor. The actions Plaintiff complains of really amount to no more than an ineffective assistance

-4-

of counsel claim.

Finally, even if the public defender could be considered a state actor, Petitioner's claim would run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a damages claim that "necessarily demonstrates the invalidity of [a] conviction," may not be brought while the conviction stands. *Id*. at 481-82. If Petitioner's conviction resulted from the alleged conspiracy, a denial of fundamental due process rights would have caused the conviction, and the conviction could not stand. Consequently, Petitioner could not bring an action for damages under section 1983 until his conviction or sentence had been vacated by a state court, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87. In other words, Petitioner's damages claims and allegations of his public defender's conduct implicate the validity of his conviction; consequently:

> [A] suit for damages caused by the conviction cannot be brought under § 1983 while the conviction stands, because a criminal conviction may only be challenged collaterally in federal court by way of a petition for habeas corpus. A claim for damages does not accrue until the conviction has been overturned, either by way of state court proceedings, executive clemency, or a federal writ of habeas corpus.

*Holly v. Boudreau*, 2004 WL 609282, No. 03 C 8867, at *1 (N.D. Ill. Mar. 24, 2004) (citing *Heck*, 512 U.S. 477, 486-87). Petitioner's claims and requested relief appear to imply the invalidity of his conviction or sentence, therefore, *Heck* would dictate dismissal of

Petitioner's complaint as premature.

Petitioner also filed an Affidavit of Special Circumstances Under I.C. 33-37-3-3, arguing he is entitled to proceed in forma pauperis because of special circumstances.  In light of this Court's order dated March 21, 2005, granting Plaintiff's petition to proceed in forma paupers, to the extent any relief is requested in the instant affidavit, it is **DENIED AS MOOT**.

CONCLUSION

For the reasons stated above, Petitioner's Motion to Rescind Judgment is **DENIED**.  To the extent Plaintiff requests any type of relief in the Affidavit of Special Circumstances, it is **DENIED AS MOOT**.

**DATED:  April 13, 2005**          S/RUDY LOZANO, Judge
                                     **United States District Court**